IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**MARTIN FLORES, Individually and on**                      **PLAINTIFF**
**Behalf of all Others Similarly Situated**

vs.                                    No. 7:20-cv-77

**PERMIAN LODGING, LLC**                                      **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Martin Flores ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Permian Lodging, LLC ("Defendant"), he does state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all similarly situated employees who were employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all other similarly situated employees minimum wage and/or lawful overtime compensation for hours worked in excess of forty (40) per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because the State of Texas has personal jurisdiction over Defendants, and Defendant therefore "resides" in Texas.

6. Defendant does business within the Midland/Odessa Division of the Western District of Texas.

## III.   THE PARTIES

7. Plaintiff is a citizen and resident of Val Verde County.

8. Defendant is a domestic limited liability company.

9. Defendant's registered agent for service is Louis Mertz, at 550 Post Oak Boulevard, Suite 490, Houston, Texas 77027.

10. Defendant maintains a website at https://www.permianlodging.com/.

## IV.   FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendant operates hotels throughout Texas and New Mexico.

13. Defendant employs two or more individuals who engage in interstate

commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

15. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

16. Plaintiff was hired by Defendant as an hourly employee at Defendant's hotel during the three years preceding the filing of this lawsuit.

17. Plaintiff, as an employee of Defendant, was engaged in commerce or in the production of goods for commerce.

18. Plaintiff was employed by Defendant from approximately July of 2019 until February of 2020.

19. Plaintiff was employed by Defendant as a maintenance worker during the time period relevant to this lawsuit.

20. Plaintiff and similarly situated employees were primarily responsible for picking up garbage, monitoring the generator, and performing other maintenance-type work assigned to them.

21. For some time during the three years preceding the filing of this Original Complaint, Plaintiff and other similarly situated employees each performed the duties of a maintenance worker on Defendant's behalf.

22. Plaintiff and other similarly situated employees regularly worked more than

forty (40) hours in a workweek.

23. In addition to their regular pay, Plaintiff and similarly situated employees received a one hundred percent (100%) rent credit.

24. In addition to their regular pay, Plaintiff and similarly situated employees received a monthly meal credit.

25. The rent and meal credits were a form of compensation to Plaintiff and similarly situated employees.

26. During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant failed to include the value of the rent and meal credits that Defendant provided to Plaintiff and similarly situated employees when calculating their overtime rate.

27. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as rent and meal credits, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

28. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the rent and meal credits, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

29. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

30. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

31. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

32. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

33. Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. An overtime premium for all hours worked in excess of forty (40) per week;

    B. Liquidated damages; and

    C. Costs of this action, including attorney's fees.

34. The proposed class of opt-in plaintiffs in this case is preliminarily defined as follows:

**All maintenance workers who received a rent or meal credit and worked more than forty (40) hours in any week within the past three years.**

35. The proposed FLSA collective members are similarly situated in that they share these traits:

    A. They performed the same or similar job duties;

    B. They received a rent credit, a meal credit, or both; and

    C. They were subject to Defendant's common policy of not paying a proper overtime premium for all hours worked over forty (40) per week.

36. At all relevant times, Defendant directly hired members of the putative class to work as maintenance workers; paid them wages; controlled their work schedules, duties, protocols, applications, assignments and employment conditions; and kept at least some records regarding their employment.

37. At all relevant times, each member of the putative class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

38. Plaintiff is unable to state the exact number of the class but believes the number to be more than five (5) individuals. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

39. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

40. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

41. Defendant's actions in denying overtime wages to Plaintiff and all other similarly situated employees were intentional and constitute a willful violation of the FLSA.

## VI. FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

42. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

43. Plaintiff, on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

44. At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

45. At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendant, as defined by 29 U.S.C. § 203(e).

46. At all relevant times, Defendant was an "employer" of Plaintiff and all similarly situated employees, as defined by 29 U.S.C. § 203(d).

47. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48. At all relevant times, Defendant willfully failed and refused to pay a proper overtime premium to Plaintiff and other similarly situated employees for all hours worked over forty (40) per week.

49. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including rent credit, for Plaintiff and others in their regular rate when calculating their overtime pay.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all other similarly situated employees for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII.  SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

51. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

52. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

53. At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

54. At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56. Defendants willfully failed and refused to pay Plaintiff a proper overtime premium for all hours worked over forty (40) per week.

57. Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, including rent credit, for Plaintiff in his regular rate when calculating his overtime pay.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Martin Flores, individually and on behalf of all others similarly situated, respectfully requests this Court to grant the following relief:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a class under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MARTIN FLORES, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com